UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LYNN ANN HUST,<br><br>　　　　Petitioner,<br><br>　v.<br><br>STATE OF WYOMING, *et al*,<br><br>　　　　Respondent. | Case No. C08-5435 RBL/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**August 22, 2008** |

Petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2241. This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636 (b) (1) and Local MJR 3 and 4.

Ms. Hust purports to file a writ of habeas corpus, but the court's preliminary review of the documents filed by Petitioner reveals that Petitioner is not in custody. Ms. Hust alleges that she was arrested, but posted bond and has not been convicted and is not in custody. (Dkt. # 2, p. 19).

**I. DISCUSSION**

The rules governing a petition for writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254 apply to persons *in custody* in violation of the Constitution pursuant to a judgment of a state court. 28 U.S.C. § 2254. "[T]he essence of habeas corpus is an attack by a

ORDER
Page - 1

person *in custody* upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

There is also an exhaustion requirement in federal court for habeas actions. In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995).

Ms. Hust claims that on or about June 13, 2008, she was arrested without a warrant by individuals associated with the Battle Ground, Wyoming police department, based on the same facts associated with an illegal "warrant of extradition" issued by the Governors of the states of Washington and Wyoming in 2006. (Dkt. # 2, pp. 19-20). Ms. Hust claims that she was previously kidnaped and held on an illegal warrant in 2006 as a result of her whistleblowing efforts against individuals interfering with her efforts to gain workforce development grant funds for Events Worldwide in developing her health fair planning business in Laramie, Wyoming. *Id*., pp. 3-11. As to her 2008 arrest, Ms. Hust alleges that she was ordered to post bail and given a court date of July 16, 2008. *Id*., p. 20.

In addition to her petition for writ of habeas corpus, Ms. Hust has filed a motion to stay all state court criminal proceedings against her. (Dkt. # 4). Only in the most unusual circumstances is a petitioner entitled to have the federal court intervene by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. *Drury v. Cox,* 457 F.2d 764, 764-65 (9th Cir.1972). See *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir.), *cert. denied,* 449 U.S. 1014 (1980). Extraordinary circumstances exist where irreparable injury is both great and immediate, for example where the state law is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). There is no such showing here.

Accordingly, the undersigned recommends that Ms. Hust's motion to stay be denied and that her petition be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **August 22, 2008**, as noted in the caption.

Dated this  25th  day of July, 2008.

Karen L. Strombom
United States Magistrate Judge